BENJAMIN ROSENSTEIN, PLAINTIFF-APPELLANT, v. ANNA ROSENSTEIN AND FRED NIEBURG, DEFENDANTS-RESPONDENTS.

Argued February 11, 1936—Decided June 1, 1936.

For the appellant, *Philip Nohemie* and *Herman Marx*.

For the respondents, *Cohen & Klein*.

The opinion of the court was delivered by

Donges, J.  Plaintiff-appellant brought suit against defendants-respondents to recover on a bond executed by defendants, Anna Rosenstein and Fred Nieburg, and one

Simon Rosenstein, who died before suit. The bond is dated December 10th, 1928, and is conditioned for the payment of the principal sum of $7,000 with interest at six per centum per annum. To secure payment of said bond, Anna Rosenstein and Simon Rosenstein, her husband, on the same date, executed a mortgage on property of Simon, which was second and subject to a mortgage for $10,000. Proceedings were taken to foreclose the first mortgage, to which proceedings plaintiff and defendants and said Anna Rosenstein "as executrix of the Estate of Simon Rosenstein, deceased," were made parties. The property was sold to the first mortgagee at the foreclosure sale, and nothing was received by plaintiff on his debt. Defendants set up in their answer that the debt is tainted with usury, inasmuch as plaintiff lent to Simon Rosenstein the sum of $6,500, charging a bonus of $500, and that, inasmuch as defendants were accommodation makers of the bond they cannot be held for any part of the debt.

Motion was made to strike the answer, which was denied. Thereupon, defendants moved for judgment on the pleadings and documents filed. The judge to whom the motion was addressed made an order, in which order it is recited, "and it appearing that the plaintiff concedes that the only consideration passing from the plaintiff to the defendants herein was that the plaintiff would not have loaned money to one, Simon Rosenstein, now deceased, without the additional security and consideration of the defendants obligating themselves on the bond, and further concedes that the bond on which this cause of action is based, is tainted with usury, and the court being of opinion that the facts are not in dispute and having concluded that the bond on which this cause of action is based was signed by the defendants, Anna Rosenstein and Fred Nieburg, for the accommodation of Simon Rosenstein, deceased, the principal obligor on the bond, and that therefore said defendants were secondarily liable and the court having further concluded that on the question of usury said bond is void as to said defendants." He thereupon ordered judgment for defendants.

In so doing we are of opinion that the learned judge fell

into error. Defendants rely upon section 2 of the Usury act (4 *Comp. Stat., p.* 5705), which is as follows:

"That in all cases of suits at law or in equity to enforce any note, bill, bond, mortgage, contract, covenant, conveyance, or assurance, which shall be hereafter made for the payment or delivery of any money, wares, merchandise, goods, or chattels lent, and on which a higher rate of interest shall be reserved or taken than was or is allowed by the law of the place where the contract was made or is to be performed, the amount or value actually lent, without interest or costs of suit, may be recovered, and no more; and if any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due as aforesaid, and recovery had for the balance only."

By the plain terms of the act it is provided that when any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due and recovery had for the balance. The late Chief Justice Depue in *Crane* v. *Garrabrant,* 4 *N. J. L. J.* 119, decided shortly after the present section 2 of the Usury act was enacted, said:

"Our present statute does not make the contract void. It provides merely for the deduction of the usurious interest actually paid and denies the party interest and costs, and allows him to have a judgment for the balance. Consequently, on an instrument infected with usury, under our present statute, the debt is not entirely gone, as it was under the old statute, which made the transaction entirely void; * * * This subject was considered in the case of *Nightingale* v. *Meginnis,* 5 *Vr.* (34 *N. J. L.*) 461, in which it was held that the effect of usury was simply to apply the usurious elements by way of payment, towards the payment of the original indebtedness, and not by way of extinguishment or destruction of it."

The same rule has been declared in *Brown* v. *McIntosh,* 39 *N. J. L.* 22; *Dey* v. *Jackson,* 39 *Id.* 535; *McAdams* v. *Randolph,* 41 *Id.* 218; *Hintze* v. *Taylor,* 57 *Id.* 239; *Boyd* v. *Engelbrecht,* 36 *N. J. Eq.* 612; *Lowenthal* v. *Myers,* 75 *Id.* 286.

As to the holding that the defendants were not liable because they were sureties, we think the court also fell into error. In *Shute* v. *Taylor*, 61 *N. J. L.* 256, this court said:

"The refusal of the court therefore requires us to decide whether it is the duty of courts of law to enforce the rule that when two persons contract as principals, but by arrangement *inter sese* one of them is, or subsequently becomes, surety for. the other, the creditor, on being informed of this relationship, is bound to treat the surety, with regard to that contract, in the same manner as if he had contracted as surety.

"All courts of equity, and in this country most courts of law, I think, maintain this principle. See *Pain* v. *Packard* and subsequent cases and notes, 2 *Am. Lead. Cas.* 362.

"But in New Jersey our legal tribunals have uniformly declined to sanction the doctrine, holding that at law the rights of the creditor, as defined by the contract, cannot be altered without his consent, and one of those rights is to treat each of the debtors as principal.

"The following cases support this statement: * * *

"In view of these indications of judicial opinion so long prevailing, and inasmuch as the matter concerns, not rights, but only remedies, we think it should be considered settled that in an action on the contract the creditor will not be held at law bound to treat as sureties those who contracted as principals, merely because they were in fact, or became sureties to his knowledge."

We are, therefore, of the opinion that the usury did not extinguish the debt, but that plaintiff may recover the sum actually lent, less interest paid in excess of the lawful interest on that sum, without further interest or costs; and further are of the opinion that in an action at law upon an instrument as is here evidenced, the defendants may not show that they are sureties only and rely upon defenses available to sureties.

The judgment is reversed, with instructions to the trial court to take such proceedings as may not be inconsistent herewith.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.